2013 ND 39

In the Matter of the Application for **DISCIPLINARY ACTION AGAINST** Sidney A. GROSS, A Member of the Bar of the State of North Dakota.

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**Sidney A. Gross, Respondent.**

No. 20120456.

Supreme Court of North Dakota.

March 8, 2013.

PUBLIC REPRIMAND ORDERED.

PER CURIAM.

[¶ 1] The Court has before it the findings, conclusions, and recommendation of a Hearing Panel recommending Sidney A. Gross be publicly reprimanded for violation of N.D.R. Prof. Conduct 1.15(e) and he pay the costs of the disciplinary proceeding in the amount of $2,000. We accept the findings, conclusions, and recommendation of the Hearing Panel.

[¶ 2] Gross was admitted to the Bar of the State of North Dakota on October 10, 1984. Gross was served a Petition for Discipline, and he filed a Response to Petition for Disciplinary Action on October 13, 2012. Related to representation of Darcie Shannon, the Petition alleged Gross violated N.D.R. Prof. Conduct 1.2(d), which provides in part, a lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent; and N.D.R. Prof. Conduct 1.15(e), which provides in part, when, in the course of representation, a lawyer is in possession of property in which two or more persons claim interests, the property shall be kept separate by the lawyer until the dispute is resolved.

[¶ 3] The matter was submitted to a Hearing Panel of the Disciplinary Board. On July 11, 2012, a hearing was held on the Petition. On December 31, 2012, the Hearing Panel filed its Findings, Conclusions, and Recommendation with this Court.

[¶ 4] The Hearing Panel made the following findings. Gross represented Darcie Shannon in a divorce action against Jeffrey Shannon. The divorce action was dismissed in September 2009 based on failure to file a N.D.R.Ct. 8.3(a) joint informational statement. However, the parties to the divorce action took further action to settle debts and divide assets, including a machinery sale that resulted in approximately $57,000 in proceeds. The proceeds were to be held in trust by Gross, by agreement of the parties.

[¶ 5] The machinery sold included a rake, which had a balance owed to CNH Capital of approximately $12,734, and a mower which had a balance owed to AgCountry Credit Services of approximately $10,068. Gross was aware these were secured debts. The parties agreed these two secured creditors would be paid from the machinery sale proceeds.

[¶ 6] Before the divorce action was refiled, Jeffrey Shannon suffered a head injury in an automobile accident and was hospitalized for six months. While he was hospitalized, Gross represented Darcie Shannon regarding a petition for appointment of guardian and conservator, which proposed Darcie Shannon as temporary guardian and conservator. Initially, the Court appointed Darcie Shannon as temporary guardian and conservator for Jeffrey Shannon and Attorney Donavin Grenz as his Guardian Ad Litem. Attorney Grenz filed a Report of Guardian Ad Litem and Notice to Act as Advocate, expressing the opinion that there was no need for the appointment of a guardian or conservator. Thereafter, Gross filed a Motion to Dismiss the guardianship and conservatorship and terminate the temporary guardianship and conservatorship. The Court ordered the termination of the temporary guardianship and conservatorship and dismissed the Petition for permanent guardianship and conservatorship. The Petition for Discipline did not include a charge that Gross had a potential conflict of interest in preparing these guardianship and conservator papers.

[¶ 7] During the time that Darcie Shannon was Temporary Guardian and Conservator for Jeffrey Shannon, she exe-

cuted a Guardian Deed conveying from herself as Guardian of Jeffrey A. Shannon to herself as grantee, a remainder interest in realty in Mcintosh County, township 129 North, Range 69, contained within Section 2. She also executed a Guardian Deed, dated February 17, 2010, conveying from herself as Guardian of Jeffrey A. Shannon to Samantha Shannon, a single woman (the parties' daughter) realty in Mcintosh County, lots 1 and 2, Block 43, Wishek and Lilly's First Addition to City of Ashley; and Lot 7, Block 16, City of Ashley. The deeds were prepared by Gross but were executed and recorded against his advice.

[¶ 8] During the time of her temporary guardianship and conservatorship, and during the time of the impending refiling of the divorce action and the pendency of refiled divorce action, Darcie Shannon used or disposed of Jeffrey Shannon's personal property for her own benefit and not for the benefit of Jeffrey Shannon. Additionally, Gross disbursed to Darcie Shannon, or allowed her to obtain, the proceeds of the above described machinery sale, even though he was aware that two or more persons claimed an interest in the property. Darcie Shannon did not pay the debts owed on the rake or mower.

[¶ 9] Darcie Shannon testified that she transferred the property to protect it from her and her husband's creditors and because she understood that under the proposed property settlement she was to receive this property. She testified she received no compensation for any of the transfers and made the transfers against the advice of Gross. She further testified that Gross instructed her to pay the debts against the machinery when he distributed the money from the machinery sale to her, which she did not do. The trial court in the divorce proceeding considered these issues, did not find Darcie Shannon's conduct to be fraudulent, and included the transferred property in Darcie Shannon's share of the property division. Although Darcie Shannon went against the advice of Gross, Gross had knowledge that two or more persons or entities had a claim to the proceeds held in his trust account, although there was an issue whether the auctioneer should have withheld the proceeds.

[¶ 10] The Hearing Panel dismissed the allegation that Gross's actions violated N.D.R. Prof. Conduct 1.2(d) because Darcie Shannon made the transfers against Gross's advice, because the transfers were consistent with Darcie Shannon's understanding of the property division, and because the district court did not consider the transfers to be fraudulent and included the transferred property in her share of the divorce proceeds.

[¶ 11] With regard to the disbursement of the proceeds from the machinery sale, the Hearing Panel concluded Gross violated N.D.R. Prof. Conduct 1.15(e). The Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 5.12, which provides suspension is generally appropriate when a lawyer knowingly engages in conduct which does not contain the elements listed in N.D. Stds. Imposing Lawyer Sanctions 5.11, but that seriously adversely reflects on the lawyer's fitness to practice; and N.D. Stds. Imposing Lawyer Sanctions 5.13, which provides reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice. The Hearing Panel recommended Gross be publicly reprimanded and he pay the costs of the disciplinary proceeding in the amount of $2,000.

[¶ 12] Objections to the Findings, Conclusions, and Recommendation were due within 20 days of service of the report.

No objections were received, and the matter was submitted to the Court for consideration.

[¶ 13] ORDERED, that the findings, conclusions, and recommendation of the Hearing Panel are accepted, and Sidney A. Gross is publicly reprimanded.

[¶ 14] IT IS FURTHER ORDERED, that Gross pay the costs of the disciplinary proceeding in the amount of $2,000 within thirty days, payable to the Secretary of the Disciplinary Board, 600 E. Boulevard Avenue, Bismarck, North Dakota 58505–0530.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.

[¶ 16] MARING, J., disqualified, did not participate in the decision.